HARRY F. McARVER v. POUND & MOORE, INC., AND SARAH WILSON TATE

No. 7226SC762

(Filed 20 December 1972)

Negligence § 57— fall on ice behind store — insufficiency of evidence of negligence

Plaintiff's evidence was insufficient to show actionable negligence on the part of defendant in an action to recover for injuries sustained when plaintiff slipped on a small patch of ice located at the base of a concrete pillar in the garage area behind defendant's store after exiting through the rear entrance of the store.

APPEAL from *McLean, Judge,* at the 1 May 1972 Special Civil Session of Superior Court held in MECKLENBURG County.

Plaintiff instituted this civil action to recover damages for injuries allegedly caused by the negligence of defendants. On 9 January 1970 plaintiff sustained serious injuries to his elbow when he slipped on a small patch of ice after exiting through the rear entrance of Pound & Moore, Inc., a furniture and supply business located at 304 South Tryon Street in Charlotte, North Carolina. The office building was leased by defendant Pound & Moore, Inc., from defendant Tate.

McArver v. Pound & Moore, Inc.

Plaintiff alleged that his injuries were caused by and resulted from the negligence of defendants in that they: failed to correct a condition of the property which permitted the formation of ice in small areas in the entrance to the building; failed to correct the icy condition of the premises which they knew or should have known existed; and failed to give any warning of the dangerous and hazardous conditions then and there existing.

The following evidence in this case is not disputed: that the front entrance to Pound & Moore, Inc., faces east onto South Tryon Street, and that the rear entrance faces west; that the rear entrance door to Pound & Moore, Inc., is located in the southernmost corner of a raised loading platform in a garage area, 20 by 20 feet, recessed into the ground level of the building; that this garage area is used to accommodate Pound & Moore's delivery trucks, and opens onto a 12 foot wide alley owned and maintained by defendant Sarah Wilson Tate; that there are two signs painted on the building in this garage area designating it to be an entrance to Pound & Moore, Inc.; that the ice spot in question was about 12 by 24 inches in size and was located at the base of a concrete pillar at the northern extremity of the garage area where the alley surface and garage pavement met; that at the time of the fall, a delivery truck was parked in the southern half of the garage in front of the entrance door.

The evidence offered by the plaintiff tended to show the following: that on the afternoon of 9 January 1970, plaintiff went to Pound & Moore, Inc., to purchase certain supplies from them; that he parked his car in the alley behind Pound & Moore, Inc., and entered through the rear entrance; that the rear entrance is commonly used by customers of Pound & Moore, Inc., to go into the building and purchase merchandise; that after making his purchase, plaintiff exited through the same rear entrance and slipped on some ice that had formed at the northern extremity of the garage area; that he did not see the ice before slipping on it; that the ice was dirty, dusty and gray, looking "just like the alley to me"; that he sustained serious injuries to his elbow as a result of his fall.

Defendant's evidence tended to show: that there was no other ice in the 20 foot wide entrance except next to the pillar at the northern extremity of the garage area; that plaintiff had parked in the alley in a place designated for Pound & Moore

McArver v. Pound & Moore, Inc.

trucks only; that the ice patch was clearly visible to anyone who looked where they were walking; that plaintiff was in a hurry as he left Pound & Moore, Inc., and that he did not look at the ice before he fell; that there was other ice out in the alley on that day; that plaintiff was familiar with the rear entrance, and had already used it once that same day, prior to his fall.

At the close of plaintiff's evidence and again at the close of all the evidence, defendants moved for directed verdict in accordance with G.S. 1A-1, Rule 50. These motions were denied and the issues of the negligence of the defendants and the contributory negligence of the plaintiff were submitted to the jury. The jury answered all issues in favor of the plaintiff and awarded money damages. Thereafter, in accordance with G.S. 1A-1, Rule 50(b)(1), defendants moved that the verdict be set aside and that judgment be entered in accordance with their motions for directed verdicts. These motions were allowed and the trial judge entered judgments for defendants notwithstanding the verdict of the jury. Plaintiff appealed.

*Fairley, Hamrick, Monteith & Cobb, by S. Dean Hamrick, for plaintiff.*

*Jones, Hewson & Woolard, by Harry C. Hewson, for defendant Pound & Moore, Inc.*

BROCK, Judge.

Subsequent to the docketing of the record on appeal, plaintiff and defendant Sarah Wilson Tate entered into a settlement agreement under G.S. 1B-4. Therefore, plaintiff asserts only his assignment of error to the entry of judgment in favor of defendant Pound & Moore, Inc.

We hold that plaintiff's evidence fails to show actionable negligence on the part of Pound & Moore, Inc. The action of the trial court in rendering judgment in favor of Pound & Moore, Inc., notwithstanding the verdict is

Affirmed.

Chief Judge MALLARD and Judge BRITT concur.