JUANITA J. PHILLIPS v. TEXFI INDUSTRIES, INC.

No. 797SC189

(Filed 20 November 1979)

1. **Appeal and Error § 36.1— failure to serve case on appeal in apt time—dismissal of appeal**

   Appeal is dismissed for failure of appellant to comply with the Rules of Appellate Procedure where appellant failed to serve the proposed record on

Phillips v. Industries, Inc.

appeal within 30 days after the appeal was taken as required by Appellate Rule 11(b), and an order thereafter entered allowing appellant additional time to serve the case on appeal was not made pursuant to a written motion and after notice and hearing as required by Appellate Rules 11(b) and 27(c).

**2. Negligence § 57.11— fall on ice in parking lot—failure to show negligence— summary judgment**

In an action to recover for injuries received by plaintiff when she slipped on a sheet of ice on defendant's property, summary judgment was properly entered for defendant where plaintiff's materials showed that she parked in defendant's parking lot at 10:00 a.m., got out of her car and walked around the car, stepped over a curb and fell on a sheet of ice, the sheet of ice was two or three feet wide and ran for six feet along the curb, the weather was clear and the sun was shining, and plaintiff could see the ice, since plaintiff gave no forecast of any evidence of negligence on the part of defendant.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 28 November 1978 in Superior Court, NASH County. Heard in the Court of Appeals 19 October 1979.

Plaintiff brings this action to recover for injuries she received when she slipped on a sheet of ice on defendant's property. Plaintiff testified on deposition that her husband is employed by defendant, and on 5 January 1976 she went to defendant's plant to take her husband the keys he needed for his locker there. At defendant's plant she pulled up in front of the guard house, got out and stepped over the curb, and fell on a sheet of ice. The guard house is located inside a parking lot, and plaintiff had driven into the parking lot at times to pick up or let out her husband, but she had never gotten out of the car there before. When plaintiff stopped her car on this occasion she had to walk around it to get to the guard house. The patch of ice upon which she fell was two or three feet wide and six feet long, and she did not see it until she was putting her foot down on it.

Defendant moved for summary judgment, which was granted. Plaintiff appeals.

*Malone, Johnson, DeJarmon and Spaulding, by T. Mdodana Ringer, Jr., for plaintiff appellant.*

*Battle, Winslow, Scott & Wiley, by Samuel S. Woodley, for defendant appellee.*

ARNOLD, Judge.

[1]  As defendant points out, plaintiff has failed to comply with Rule 11(b) of the Rules of Appellate Procedure, which requires that appellant file with the clerk of superior court and serve on the appellee a proposed record on appeal within 30 days after appeal is taken. Plaintiff gave notice of appeal on 28 November 1978. On 10 January 1979, more than 30 days later, an order was signed allowing plaintiff 75 days within which to serve the case on appeal. Under Rule 11(f), extensions of the 30 day period in 11(b) may be allowed "in accordance with the provisions of Rule 27(c)." Rule 27(c), as amended effective 1 January 1979, expressly provides that "motions to extend the time for serving the proposed record on appeal made after the expiration of any time previously allowed for such service must be in writing and with notice to all other parties and may be allowed only after all other parties have had opportunity to be heard." Here it does not appear that the motion was made in writing, or that there was any notice or hearing. We have determined that for failure to comply with the Rules of Appellate Procedure, plaintiff's appeal should be dismissed.

[2]  Moreover, we note that plaintiff's argument that defendant was not entitled to summary judgment could not prevail. The parties on a motion for summary judgment give a forecast of evidence. See Caldwell v. Deese, 288 N.C. 375, 218 S.E. 2d 379 (1975). Defendant, moving for summary judgment, relied upon plaintiff's deposition and the affidavits of three of defendant's employees. The affidavits related to plaintiff's status upon the premises, not to the issue of defendant's negligence, and plaintiff's deposition revealed no evidence of negligence on defendant's part. Plaintiff's testimony on deposition was that she parked in defendant's parking lot, got out of her car and walked around the car, stepped over a curb and fell on a sheet of ice. The patch of ice was two or three feet wide and ran for six feet along the curb. Plaintiff testified that she could see the ice; it was 10 a.m., the weather was clear and the sun was shining. Opposing defendant's motion for summary judgment, plaintiff presented affidavits which related only to her status. She gave no forecast of any evidence of defendant's negligence. Accordingly, summary judgment for defendant was proper. See Caldwell v. Deese, supra, cf. Jacobson v. J. C. Penney Co., Inc., 40 N.C. App. 551, 253 S.E.

2d 293 (1979); *McArver v. Pound & Moore, Inc.,* 17 N.C. App. 87, 193 S.E. 2d 360 (1972), *cert. denied* 283 N.C. 106, 194 S.E. 2d 633 (1973).

Appeal dismissed.

Judges WEBB and WELLS concur.