MARY ELSIE STANSFIELD v. BRENDA MAHOWSKY D/B/A SOUTH BROADWAY DAMN YANKEES

No. 7920SC1055

(Filed 20 May 1980)

Negligence § 57.11— customer tripping over fallen sign—absence of negligence— contributory negligence

    In an action to recover for injuries sustained by plaintiff when she tripped over a fallen sign at defendant's restaurant, plaintiff's forecast of evidence on motion for summary judgment failed to show negligence on the part of defendant and disclosed that plaintiff was contributorily negligent as a matter of law where it showed that the front door of the restaurant was held open by a sign on a tripod; while in the restaurant plaintiff told her husband that the sign had blown down but did not tell any of defendant's employees; none of the employees knew the sign had fallen; plaintiff left the restaurant 10 minutes later but forgot about the fallen sign and tripped over it and fell; and the day was clear and the sign was not concealed in any way.

APPEAL by plaintiff from *Wood, Judge.* Judgment entered 31 August 1979 in Superior Court, MOORE County. Heard in the Court of Appeals 24 April 1980.

Plaintiff seeks to recover for injuries she sustained when she tripped over a fallen sign at defendant's restaurant. Defendant

answered that plaintiff's own negligence caused her injury. Defendant moved for summary judgment, which was granted, and plaintiff appeals.

*Pollock, Fullenwider & Cunningham, by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*Anderson, Broadfoot & Anderson, by Henry L. Anderson, Jr., for defendant appellee.*

ARNOLD, Judge.

The sole issue on this appeal is whether summary judgment for defendant was proper. We are well aware of the many cases which state that only in an exceptional negligence case is summary judgment appropriate, since even where the facts are undisputed it is usually for the jury to apply the standard of the reasonably prudent man. See, *e.g., Edwards v. Means,* 36 N.C. App. 122, 243 S.E. 2d 161, *cert. denied* 295 N.C. 260, 245 S.E. 2d 777 (1978). It is also true, however, that summary judgment is proper in a negligence case where the forecast of evidence fails to show negligence on defendant's part, or establishes plaintiff's contributory negligence as a matter of law. *Phillips v. Texfi Industries, Inc.,* 44 N.C. App. 66, 259 S.E. 2d 769 (1979).

In the present case, the depositions and affidavit offered in support of the motion show the following: Just before noon plaintiff joined her husband in defendant's restaurant. When she arrived the front door was open, and a sign on a tripod was leaning against the door. Plaintiff sat with her husband at the bar for 15 to 20 minutes, and while she was there she saw the sign and tripod blow down onto the sidewalk. She told her husband that the sign had blown down but did not tell any of defendant's employees. None of the employees knew that the sign had fallen.

Plaintiff left the restaurant about 10 minutes after the sign fell. It was a clear day and the sign was not concealed in any way. When plaintiff went out she "had just forgotten all about it. If I had been looking down at the ground, I would have seen it . . . ." Right after plaintiff went out the door she tripped over the sign and fell.

Upon these facts, summary judgment for defendant was proper. Plaintiff has failed to show any evidence that defendant was

negligent. *Cf. Phillips v. Texfi Industries, Inc., supra.* Further-more, the evidence establishes that plaintiff was contributorily negligent as a matter of law. By her own testimony she saw the sign and tripod fall, she saw it lying on the ground after it fell, and only 10 minutes later she tripped over it because she had forgotten it was there. Upon these facts a jury verdict that plaintiff was not contributorily negligent could not stand.

The order of the trial court is

Affirmed.

Judges HEDRICK and ERWIN concur.