LINDA C. RONE, Plaintiff v. BYRD FOOD STORES, INC., D/B/A BYRD'S, Defendant

No. 915SC1260

(Filed 20 April 1993)

**Negligence §§ 106, 109 (NCI4th) — slip and fall in grocery store — employee mopping floor immediately after closing — customer still in store — summary judgment inappropriate**

In a negligence action in which plaintiff alleged that she suffered injuries when she fell on a wet floor in defendant's grocery store, the trial court erred in granting defendant's summary judgment motion where there was a genuine issue of material fact as to defendant's negligence and where the record supported an inference of no contributory negligence based on evidence tending to show that plaintiff entered defendant's grocery store to purchase some items; plaintiff was still in the store when the store closed and the front door was locked; plaintiff was at the check-out counter when she

remembered an item that she needed; she left the checkout counter at a swift walk; she did not see any warning signs, hear any verbal warnings, or note any water on the floor; plaintiff walked into the wet area and fell; and defendant's witnesses could not agree on where the floor was wet, how many warning signs had been placed on the floor, and where plaintiff fell in the store.

**Am Jur 2d, Premises Liability §§ 29, 786, 790.**

**Store or business premises slip-and-fall: Modern status or rules requiring showing notice of proprietor of transitory interior condition allegedly causing plaintiff's fall. 85 ALR3d 1000.**

**Liability for injury to customer from object projecting into aisle or passageway in store. 26 ALR2d 675.**

Appeal by plaintiff from order entered on 22 August 1991 by Judge J. B. Allen, Jr. in Alamance County Superior Court. Heard in the Court of Appeals on 2 December 1992.

This is a negligence action instituted by the filing of plaintiff's complaint on 15 March 1990 in which she alleges that she suffered injuries when she fell on a wet floor in defendant's grocery store on 10 September 1989. Defendant timely served an answer on 17 March 1990.

On 5 July 1991, defendant filed a motion for summary judgment. This matter came on for hearing before Judge J. B. Allen, Jr. in Alamance County Superior Court on 19 August 1991. In an order filed 22 August 1991, Judge Allen allowed defendant's motion for summary judgment. Plaintiff gave timely notice of appeal.

*Gabriel Berry & Weston, by M. Douglas Berry, for plaintiff-appellant.*

*Elrod & Lawing, P.A., by Pamela A. Robertson, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff's evidence tended to show the following: On 10 September 1989, immediately following church on a Sunday evening, Mrs. Rone came into Byrd's grocery store right before closing time to purchase a small number of grocery items, and was still

in the store when the store was closed and the front doors were locked. At the time Mrs. Rone was in the store, there were just three employees there: Mr. McManus, the manager; Mr. Michael Riddle, the bagger; and Ms. Kathy Gilliam, the check-out lady.

The store closed at 8:00 p.m. sharp so that the floors could immediately be mopped. The tile floors were sealed with two coats of wax. The mopping was not done prior to the store closing, but was begun as soon as it closed. Byrd's policy was not to start mopping until the store closed because, in Mr. McManus' own words, "someone might slip and fall." Mr. Riddle was mopping the area in front of the aisle behind the registers when the store closed that evening.

At the check-out counter, Mrs. Rone realized that she had forgotten to get slaw and started to go to the produce area at a "swift walk." When Mrs. Rone fell, Mr. Riddle was in the middle of the aisle mopping right behind the check-out counter and the "wet floor" sign was further down the aisle by the time-clock. He heard Ms. Gilliam holler, "ma'am, the floor..." and at about the same time she fell.

Plaintiff contends that the trial court erred in granting defendant's summary judgment motion because there is a genuine issue of material fact and that defendant is not entitled to judgment as a matter of law. We agree.

The purpose of the summary judgment rule is to eliminate a trial when, based on the pleadings and supporting materials, the trial court determines that only questions of law, not fact, are at issue. *Loy v. Lorm Corp.*, 52 N.C. App. 428, 278 S.E.2d 897 (1981). Summary judgment is a drastic measure, and it should be used with caution, especially in a negligence case in which a jury ordinarily applies the reasonable person standard to the facts of each case. *Holcomb v. Insurance Co.*, 52 N.C. App. 474, 279 S.E.2d 50 (1981); *Laughter v. Southern Pump & Tank Co.*, 75 N.C. App. 185, 330 S.E.2d 51, *cert. denied*, 314 N.C. 666, 335 S.E.2d 495 (1985).

"All evidence before the court must be construed in the light most favorable to the non-moving party. The slightest doubt as to the facts entitles the non-moving party to a trial." *Ballenger v. Crowell*, 38 N.C. App. 50, 53, 247 S.E.2d 287, 290 (1978). A prima facie case of negligence is alleged when a plaintiff establishes

RONE v. BYRD FOOD STORES

[109 N.C. App. 666 (1993)]

that: defendant owed plaintiff a duty of care; defendant's conduct breached that duty; the breach was the actual and proximate cause of plaintiff's injury; and damages resulted from the injury. *Southerland v. Kapp*, 59 N.C. App. 94, 295 S.E.2d 602 (1982).

The law is well-settled in North Carolina that a store owner is not an insurer of its premises. *Hull v. Winn-Dixie Greenville, Inc.*, 9 N.C. App. 234, 175 S.E.2d 607 (1970). The doctrine of *res ipsa loquitur* does not apply in such cases. *Skipper v. Cheatham*, 249 N.C. 706, 107 S.E.2d 625 (1959). Defendant proprietor owes to its invitees the duty to exercise "ordinary care to keep [its store] in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision." *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 130 S.E.2d 281, 283 (1963).

Based on the aforementioned principles, we address plaintiff's contention that there is a genuine issue of fact as to defendant's negligence. The evidence construed in the light most favorable to plaintiff tended to show that on 10 September 1989, Mrs. Rone entered Byrd's grocery store to purchase some items; that Mrs. Rone was still in the store when the store closed and the front door locked; that Mrs. Rone was at the checkout counter when she remembered an item that she needed; that she left the checkout counter at a swift walk; that she did not see any warnings signs, hear any verbal warnings nor note any water on the floor; and that Mrs. Rone walked into the wet area and fell.

Defendant's evidence was conflicting. Defendant had three witnesses testify at a deposition proceeding and their version of the events that transpired varied. They could not agree on where the floor was wet, how many warning signs had been placed on the floor, where the warning signs had been placed, nor where plaintiff fell in the store.

Mr. McManus testified that the floor was wet almost up to the check-out line. Ms. Gilliam testified that it was dry up to the office area. While Mr. Riddle testified the floor was half wet and half dry in the area of the office.

Mr. McManus further testified that he only saw one warning sign. However, Mr. Riddle testified that he had placed two warn-

ings signs on each end of the wet area. Ms. Gilliam testified that she saw only one warning sign, but she also stated that "I didn't look around the room to find the other floor signs."

In addition, Mr. McManus indicated that a warning sign had been placed near the back of the office area. Ms. Gilliam indicated that a warning sign had been placed directly in front of the office area. While, Mr. Riddle indicated that one warning sign had been placed in the middle of the office area and one warning sign had been placed at the end of the aisle.

Lastly, Mr. McManus indicated, by marking on the deposition exhibit, that Mrs. Rone fell right before she entered the office area. Ms. Gilliam testified that Mrs. Rone fell at a point halfway between the cash register and the office wall, and Mr. Riddle testified that Mrs. Rone fell in the middle of the office area.

Where there is a need to find facts, then summary judgment is not an appropriate device to employ, provided those facts are material. *Robertson v. Hartman*, 90 N.C. App. 250, 368 S.E.2d 199 (1988). Based on the above facts in the record and the above law, there is at least a reasonable inference that defendant was negligent in creating a wet slippery condition and in failing to adequately warn plaintiff of the presence of the slippery floor.

Plaintiff further contends that the trial court erred in granting summary judgment on the issue of contributory negligence when the record supports an inference of no contributory negligence. We agree.

"Like negligence, contributory negligence is rarely appropriate for summary judgment." *Ballenger*, 38 N.C. App. at 55, 247 S.E.2d at 291. The North Carolina Supreme Court has set out in detail the standard of review for adjudication of retail store slip and fall claims on the grounds of the alleged contributory negligence of the plaintiff. The Supreme Court stated the basic rule as follows:

> The basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety. . . . When a defendant moves for a directed verdict on the grounds that the evidence establishes plaintiff's contributory negligence as a matter of law the question before the trial court is whether the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable

inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge.

*Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468-69, 279 S.E.2d 559, 563 (1981).

Based on the above principle of law, we find the record does support an inference that plaintiff was not contributorily negligent as a matter of law. As stated earlier, plaintiff's evidence shows that she was not aware of any warning signs indicating the floor was wet nor did she notice any water on the floor when she ·walked swiftly to retrieve her last grocery item. The conflicting testimony of defendant's own witnesses supports plaintiff's argument that there is at least a reasonable inference that plaintiff was not contributorily negligent as a matter of law. "Where diverse inferences can be drawn the question of contributory negligence is for the trier of fact." *Ballenger*, 38 N.C. App. at 54, 247 S.E.2d at 291.

Accordingly, the decision of the trial court is reversed.

Chief Judge ARNOLD and Judge ORR concur.