JEFF L. SMITH, Plaintiff v. ROBERT COCHRAN, d/b/a McDONALD'S RESTAURANT, WILKINSON FOOD COMPANY, A PARTNERSHIP AND TRITON MANAGEMENT COMPANY, A PARTNERSHIP, Defendants

No. COA95-1284

(Filed 15 October 1996)

**Negligence § 106 (NCI4th)— slip and fall in restaurant—wet floor—issue of fact**

The trial court should not have granted summary judgment for defendants in a slip and fall action where plaintiff's evidence established that the floor of the McDonald's was wet when he slipped and that there were no warning signs placed on the floor in the area where he fell and defendants' evidence not only conflicted with plaintiff's evidence but conflicted among its three employees. These conflicts raise an issue of fact as to whether defendants were negligent in creating an unsafe hidden condition and in failing to warn plaintiff that the floor was wet.

**Am Jur 2d, Premises Liability § 554; Summary Judgment § 27.**

**Liability of operator of store, office, or similar place of business to invitee slipping on spilled liquid or semiliquid substance. 26 ALR4th 481.**

Appeal by plaintiff from order entered 1 August 1995 by Judge Loto Greenlee Caviness in Mecklenburg County Superior Court. Heard in the Court of Appeals 28 August 1996.

*Tim L. Harris & Associates, by Lori A. Shugar, for plaintiff-appellant.*

*Golding, Meekins, Holden, Cosper & Stiles, by Paul R. Dickinson, Jr., for defendants-appellees Wilkinson Food Company and Triton Management Company.*

WALKER, Judge.

The plaintiff filed this action on 11 April 1994 seeking to recover damages for injuries he received after falling in a McDonald's Restaurant. The defendants answered and moved for summary judgment which was granted.

## SMITH v. COCHRAN

[124 N.C. App. 222 (1996)]

The plaintiff's evidence tended to show that on 6 June 1993, he went inside defendants' restaurant for breakfast. After he had purchased his food, he was carrying a tray and walking to find a seat in the dining room when he slipped on the wet floor injuring his back. Immediately after his fall, plaintiff noticed someone mopping the floor near the front of the store. At no time before the fall did plaintiff see any signs warning that the brown to brownish-red tile floor was wet.

Three of defendants' employees, who were working the day the plaintiff fell, testified through depositions. These employees could not agree on the normal time the floor was usually mopped in the mornings, who actually mopped the floor that morning, whether the floor was still wet where the plaintiff fell, or whether or not there were any warning signs placed on the floor.

A defendant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [defendant] is entitled to judgment as a matter of law." N.C.R. Civ. P. 56(c). The party moving for summary judgment has the burden of establishing the absence of any triable issue of fact. *Hotel Corp. v. Taylor and Fletcher v. Foremans, Inc.*, 301 N.C. 200, 202, 271 S.E.2d 54, 57 (1980).

In order to survive defendants' motion for summary judgment, plaintiff must show a *prima facie* case of the defendants' negligence. *Lamm v. Bissette Realty*, 327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990). Here, plaintiff was an invitee on the defendants' premises. Thus, the defendants have a duty to exercise "ordinary care to keep [its store] in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision." *Rone v. Byrd Food Stores*, 109 N.C. App. 666, 669, 428 S.E.2d 284, 285-86 (1993) (*quoting Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 130 S.E.2d 281, 283 (1963)).

In *Rone*, the plaintiff did not see any warning signs, hear any verbal warnings or observe any water on the floor, as she walked into the wet area and fell. The court noted that defendant's evidence was conflicting as its witnesses could not agree on where the floor was wet, how many warning signs had been placed on the floor, where the warning signs had been placed, or where the plaintiff fell. This Court

**U.S. FIDELITY AND GUARANTY CO. v. SCOTT**

[124 N.C. App. 224 (1996)]

said, "there is at least a reasonable inference that defendant was negligent in creating a wet slippery condition and in failing to adequately warn plaintiff of the presence of the slippery floor." *Id.* at 670, 428 S.E.2d at 286.

Here, plaintiff's evidence established that the floor was wet when he slipped and that there were no warning signs placed on the floor in the area where he fell. On the other hand, the defendants' evidence not only conflicted with plaintiff's evidence but conflicted among its three employees. These conflicts raise an issue of fact as to whether defendants were negligent in creating an unsafe hidden condition and in failing to warn the plaintiff that the floor was wet, thus precluding a grant of summary judgment for the defendants.

Reversed.

Judges EAGLES and McGEE concur.