**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

YOLANDA CASAS,
<u>Plaintiff-Appellant,</u>

v.                                                          No. 97-1479

WAL-MART STORES, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-95-1079-5-H)

Argued: March 4, 1998

Decided: November 4, 1999

Before WIDENER and MOTZ,* Circuit Judges,
and MOON, United States District Judge for the Western District
of Virginia, sitting by designation.

_____

Vacated and remanded by unpublished opinion. Judge Widener wrote
the opinion, in which Judge Moon concurred.

_____

*Judge Motz was a member of the panel which heard oral argument
in this case. Following oral argument, she became disqualified and did
not participate in this decision. It is filed by a quorum of the panel under
28 U.S.C. § 46(d).

**COUNSEL**

**ARGUED:** Philip Raiford Miller, III, BLANCHARD, JENKINS & MILLER, P.A., Raleigh, North Carolina, for Appellant. Scott Conrad Gayle, FISHER, FISHER, GAYLE, CLINARD & CRAIG, P.A., High Point, North Carolina, for Appellee. **ON BRIEF:** Amie Flowers Carmack, FISHER, FISHER, GAYLE, CLINARD & CRAIG, P.A., High Point, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

WIDENER, Circuit Judge:

Plaintiff, Yolanda Casas, appeals from the district court's grant of summary judgment for defendant Wal-Mart Stores, Inc. Following a slip and fall incident at a Wal-Mart store, Mrs. Casas filed a state court negligence suit against Wal-Mart. Defendant removed the action to federal district court on the basis of diversity. Based on our review of the record, we are of opinion that the case presents genuine disputes of material fact that should be decided by a jury. Therefore, we vacate the district court's grant of summary judgment for Wal-Mart and remand the case for further proceedings.

Some time after 9:00 on the morning of October 20, 1995, Mrs. Casas was shopping in a Wal-Mart store in Raleigh, North Carolina. As she stepped from the carpeted area of the ladies wear department onto a tiled walkway, Mrs. Casas slipped and fell. The fall caused injury to her left knee.

On the evening of October 19, an independent contractor had cleaned the carpets in Wal-Mart's ladies wear department. The independent contractor completed the work and left the store prior to the time Mrs. Casas entered Wal-Mart. However, it is undisputed that the

2

carpets were still wet at the time of Mrs. Casas' fall. Mrs. Casas alleges that Wal-Mart was negligent in its failure to maintain the walkways in a reasonably safe condition and in its failure to reasonably and adequately warn of unsafe conditions of which it was or reasonably should have been aware.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We review a district court's grant of summary judgment de novo. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). We must view the evidence and all inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996); Miltier v. Beorn , 896 F.2d 848, 852 (4th Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

The parties agree that North Carolina substantive law governs this suit. In North Carolina, a store owner is not an insurer of its premises. Hull v. Winn-Dixie Greenville, Inc., 175 S.E.2d 607 (N.C. Ct. App. 1970). However, store owners must exercise ordinary care to keep their premises in a reasonably safe condition for business invitees. Raper v. McCrory-McLellan Corp., 130 S.E.2d 281, 283 (N.C. 1963). If a third party or unknown source creates an unsafe condition, the store owner can be held liable only if the condition existed for an amount of time such that the defendant knew, or with the exercise of reasonable care should have known, of the danger in time to remove the unsafe condition or to warn customers of its existence. Raper, 130 S.E.2d at 283-284. The evidence in the record shows that employees of defendant were aware that the carpets had been cleaned the night before Mrs. Casas' fall. In fact, one Wal-Mart employee stated that she knew from past experience that carpet cleaning could create a slippery condition for persons walking from the carpet onto a tiled area and that she noticed this slippery condition on the morning of October 20. The record evidence suggests that Wal-Mart knew of the potential hazard created by the carpet cleaning. That is, Wal-Mart knew about the slippery condition created by walking from the wet carpet onto a tiled walkway. Viewed in the light most favorable to the

3

plaintiff, this knowledge is sufficient to create a reasonable inference of negligence by Wal-Mart.

However, Wal-Mart could have satisfied its duty of care by adequately warning customers of the unsafe conditions caused by the carpet cleaning. There is no dispute that Wal-Mart provided some warning about this unsafe condition. The primary issue is whether the warning given was adequate under the circumstances. According to Mrs. Casas, she did not see any warning signs in Wal-Mart until after she fell. In her deposition, Mrs. Casas testified that she saw one yellow warning sign stating "Caution, wet floor" on the floor approximately twelve feet from where she fell, but that she did not see this sign prior to her fall. Wal-Mart employees offered different recollections as to the number, location, and type of warnings. Several employees stated that what is called a warning tent was placed at the front of the store.* Some of these employees also testified that attached to this tent was a piece of paper stating that the carpets were cleaned the night before. Employees testified that other warning tents were placed in various locations on the floor. In addition, employees stated that white paper signs indicating that the carpets had been cleaned were taped to clothing racks. However, employees differed on their recollections as to the number and placement of these signs, and some testified that they saw the signs only after Mrs. Casas' fall.

In Rone v. Byrd Food Stores, Inc., 428 S.E.2d 284 (N.C. Ct. App. 1993), the North Carolina Court of Appeals reversed a defendant's summary judgment in a slip and fall case because the defendant's witnesses "could not agree on where the floor was wet, how many warning signs had been placed on the floor, where the warning signs had been placed, nor where plaintiff fell in the store." Rone, 428 S.E.2d at 286. According to the court, "[c]ontradictions or discrepancies in the evidence . . . must be resolved by the jury rather than the trial judge." Rone, 428 S.E.2d at 287 (quoting Norwood v. Sherwin-Williams Co., 279 S.E.2d 559, 563 (N.C. 1981)). Because material facts were in dispute, the Rone court reversed the trial court's grant of summary judgment for the defendant. Rone, 428 S.E.2d at 287.

_____

*According to deposition testimony, such a tent is a triangular shaped frame with a canvas covering indicating wet floors.

The federal rule is not different. "`[S]ummary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" M&M Med. Supplies v. Pleasant Valley Hosp., 981 F.2d 160, 163 (4th Cir. 1992) (en banc) (quoting Anderson, 477 U.S. at 248). We conclude that the facts presented in this case are not factually distinguishable from the facts of Rone . Plaintiff and various employees of defendant each offered conflicting evidence as to the number, location, and type of warnings provided by Wal-Mart. These factual conflicts raise a genuine dispute as to the adequacy of the warnings. Thus, this issue was more properly decided by a jury.

Based on the record before us, we are of opinion that there is a reasonable inference that defendant was negligent in creating a slippery condition and in failing to adequately warn of this unsafe condition. Because genuine issues of material fact arise as to the number, location, and adequacy of the warnings given by defendant, the reasonableness of Wal-Mart's actions should be determined by a jury. Accordingly, summary judgment was not appropriate.

The judgment of the district court must be vacated and the case remanded for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED

5