MICHELLE PARLET ALLSUP, Plaintiff v. McVILLE, INC., Defendant

No. COA99-1030

(Filed 1 August 2000)

## Premises Liability— contributory negligence—customer tripped over wooden structure

The trial court did not err by granting summary judgment in favor of defendant based on plaintiff's contributory negligence as a matter of law in a case where plaintiff tripped over a wooden structure and fell in a restaurant after ordering her food, because: (1) plaintiff conceded that she saw the platform long before she tripped over it; and (2) plaintiff was not distracted by any action by defendant.

Chief Judge EAGLES dissenting.

Appeal by plaintiff from judgment entered 6 May 1999 by Judge D. Jack Hooks, Jr., in Chatham County Superior Court. Heard in the Court of Appeals 15 May 2000.

*Moody, Williams & Roper, by C. Todd Roper, for plaintiff-appellant.*

*Tuggle, Duggins & Meschan, P.A., by Leonard A. Colonna, for defendant-appellee.*

EDMUNDS, Judge.

Plaintiff Michelle Parlet Allsup appeals from summary judgment entered in favor of defendant. We affirm.

On 28 December 1994, plaintiff escorted four Girl Scouts, ages eleven and twelve, to defendant's McDonald's restaurant in Kernersville. As plaintiff joined a line of patrons waiting to place a food order at the restaurant counter, she observed a low, unpainted, wooden structure positioned to her right and partially beneath the counter overhang. This structure was a platform or bridge that allowed young patrons to climb to a level where they could be seen and served by the cashier. Plaintiff asked each of the Scouts what she wanted, then instructed them to wait in the dining area while she placed the combined order. When her turn came, plaintiff ordered four soft drinks and two ice cream cones in cups. She then stepped to her right to wait while the order was filled.

ALLSUP v. McVILLE, INC.

[139 N.C. App. 415 (2000)]

The drinks and ice cream were delivered to plaintiff on a tray. Plaintiff picked up the tray, taking care not to spill the food. As she turned to walk to the dining area where the Scouts were waiting, she tripped over the wooden structure and fell, hitting her hip on the structure and her shoulder on the restaurant floor. Plaintiff suffered injuries as a result of the fall.

Plaintiff filed a complaint on 11 November 1997, alleging defendant's negligence in failing to keep the area in a reasonably safe condition. Defendant's answer denied any negligence and asserted that plaintiff's contributory negligence caused her injuries. Defendant moved for summary judgment on 21 April 1999. On 6 May 1999, the trial court granted the motion, dismissed the complaint with prejudice, and taxed costs against plaintiff.

Defendant is entitled to summary judgment if the record shows "that there is no genuine issue as to any material fact and that [defendant] is entitled to . . . judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). Defendant, as the moving party, bears the burden of establishing the absence of any triable issues of fact. *See Smith v. Cochran*, 124 N.C. App. 222, 476 S.E.2d 364 (1996). In ruling on a summary judgment motion, the trial court must construe all evidence in the light most favorable to the non-moving party. *See Nourse v. Food Lion, Inc.*, 127 N.C. App. 235, 488 S.E.2d 608 (1997), *aff'd per curiam*, 347 N.C. 666, 496 S.E.2d 379 (1998).

> While issues of negligence and contributory negligence are rarely appropriate for summary judgment, the trial court will grant summary judgment in such matters where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury.

*Diorio v. Penny*, 103 N.C. App. 407, 408, 405 S.E.2d 789, 790 (1991) (internal citations omitted), *aff'd*, 331 N.C. 726, 417 S.E.2d 457 (1992). The doctrine of contributory negligence will preclude a defendant's liability if the visitor actually knew of the unsafe condition or if a hazard should have been obvious to a reasonable person. *See Pulley v. Rex Hospital*, 326 N.C. 701, 705, 392 S.E.2d 380, 383 (1990).

We believe that this case is controlled by *Stansfield v. Mahowsky*, 46 N.C. App. 829, 266 S.E.2d 28 (1980). In *Stansfield*, the plaintiff arrived at the defendant's restaurant and noticed a sign on a tripod leaning against a door. During the next fifteen or twenty minutes, she saw that the sign had blown down onto the sidewalk. After

ALLSUP v. McVILLE, INC.

[139 N.C. App. 415 (2000)]

another ten minutes, the plaintiff left the restaurant, tripped over the sign, and was injured. She stated that she had forgotten about the sign and that she would have seen it if she had looked down. This Court held that the plaintiff was contributorily negligent as a matter of law. *See id.*

Similarly, in the case at bar, plaintiff conceded that she saw the platform long before she tripped over it, and in fact the record indicates that she stood near it as she waited to place her order, then beside it as she waited for that order to be filled. She was not distracted by the Scouts, whom she had directed to wait elsewhere in the restaurant, nor had the restaurant taken any action designed to attract plaintiff's attention away from the floor. *See Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 279 S.E.2d 559 (1981). Therefore, although an argument may be made that defendant was negligent in placing the platform so that it was partially hidden by the counter overhang, plaintiff's contributory negligence would necessarily defeat any verdict in her favor. *See Stansfield*, 46 N.C. App. at 831, 266 S.E.2d at 29-30.

We note that there is some dispute in the record as to the exact size and shape of the platform over which plaintiff tripped and whether photographs of a structure contained in the record depict the actual platform in question. We do not believe that details of the platform are material; whatever its precise nature, the parties agree that it was a moderately-bulky wooden object. Our holding is based upon plaintiff's admission that she saw the structure before she tripped over it and the fact that she was not distracted by any action by defendant. Therefore, disputes over the structure itself do not raise an issue of fact pertinent to summary judgment.

Affirmed.

Judge LEWIS concurs.

Chief Judge EAGLES dissents.

Chief Judge EAGLES dissenting.

I respectfully dissent.

Summary judgment is only appropriate under exceptional circumstances in negligence cases because a jury ordinarily applies the reasonable person standard to the facts of each case. *See Williams v.*

ALLSUP v. McVILLE, INC.

[139 N.C. App. 415 (2000)]

*Carolina Power & Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1978); *Rone v. Byrd Food Stores, Inc.*, 109 N.C. App. 666, 428 S.E.2d 284 (1993).

The majority finds plaintiff contributorily negligent as a matter of law because she saw the wooden obstacle ten minutes before falling over it, and defendant committed no act to distract her attention. Our Supreme Court has articulated the standard for contributory negligence:

> The basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety. The question is . . . whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor.

*Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981). Contributory negligence properly bars plaintiff's recovery when the evidence, viewed in the light most favorable to the plaintiff, "establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom." *Id.* at 469, 279 S.E.2d at 563; *see also Smith v. Wal-Mart Stores*, 128 N.C. App. 282, 288, 495 S.E.2d 149, 153 (1998).

Applying these principles, I respectfully disagree with the majority and believe that plaintiff's forecast of evidence would permit a jury to reasonably conclude that she was not negligent. Viewing the evidence in the light most favorable to the plaintiff, the hazard consisted of an unpainted wooden platform, without railings, low to the ground, and partially concealed by the counter where plaintiff stood. Plaintiff, accompanied by four children, initially noticed the bridge but ten minutes later fell over it when her attention had been diverted to pick up a tray loaded with drinks from defendant's cashier. In her answer to defendant's interrogatory, plaintiff stated she was "concentrating on not spilling [the] drinks" when she fell over the platform, and plaintiff's witness described her as "pretty much distracted the entire time" she waited in line. The witness also thought it was "possible" that plaintiff's tray blocked her view of the wooden bridge, which "was not obviously noticeable to patrons" standing where plaintiff stood. Because the trier of fact properly decides issues of contributory negligence when differing inferences may be drawn from the evidence, plaintiff here was not contributorily negligent as a matter of law.

Contrary to the majority's view, the fact that plaintiff once saw the wooden bridge does not automatically render her contributorily negligent as a matter of law. *See Walker v. Randolph County*, 251 N.C. 805, 808-09, 112 S.E.2d 551, 553-54 (1960) (citation omitted) ("Circumstances may exist under which forgetfulness or inattention to a known danger may be consistent with the exercise of ordinary care, as . . . where conditions arise suddenly which are calculated to divert one's attention momentarily from the danger"). In the *Norwood* case, the plaintiff tripped over an unpainted wooden platform raised four inches from the floor and protruding into an aisle of the defendant's store. The plaintiff saw the platform out of the corner of her eye, but she did not realize it protruded into the aisle, and her attention had been diverted by displays of merchandise on the platform, along the aisle, and behind the nearby cash register. *See Norwood*, 303 N.C. at 465-68, 279 S.E.2d at 561-63. Our Supreme Court held that the evidence there permitted a reasonable inference that a person exercising reasonable care could have struck the platform. *See id.* at 469, 279 S.E.2d at 563. As in *Norwood*, plaintiff here observed the structure ten minutes before she fell, but she did not realize it protruded significantly into her path.

Furthermore, the majority's conclusion that plaintiff "was not distracted by any action by defendant" is mistaken for two reasons. First, it improperly decides an issue of fact where plaintiff's forecast of evidence raised a reasonable inference that she was distracted. "If the plaintiff's attention was in fact diverted," (a reasonable inference here) "and if the same would have happened to an ordinarily prudent person, then . . . the plaintiff cannot be considered to have been contributorily negligent as a matter of law." *Price v. Jack Eckerd Corp.*, 100 N.C. App. 732, 737, 398 S.E.2d 49, 52 (1990) (holding that a plaintiff who tripped over a box very close to her when distracted by store displays and cashier's instructions was not contributorily negligent as a matter of law). Second, defendant may create distracting conditions without taking deliberate "action" to distract the plaintiff. In *Norwood*, the defendant took no deliberate action beyond the ordinary display of merchandise which commanded the attention of customers away from the floor. *See Norwood*, 303 N.C. at 468, 279 S.E.2d at 562-63. Here, the restaurant's procedures requiring patrons to order at a counter and, after waiting for preparation, to carry food on trays from the counter to the dining room also directed patrons' attention away from the floor and the hazard.

ALLSUP v. McVILLE, INC.

[139 N.C. App. 415 (2000)]

In relying on *Stansfield v. Mahowsky*, 46 N.C. App. 829, 266 S.E.2d 28 (1980), *disc. review denied*, 301 N.C. 96, —— S.E.2d —— (1980), the majority ignores two important distinctions. First, the plaintiff in *Stansfield* offered no evidence pointing to the defendant's negligence. *See id.* Here, plaintiff's forecast of evidence concerning the appearance and placement of the bridge permits a reasonable inference of negligence). Second, the evidence in *Stansfield* indicated that the plaintiff left the restaurant and made no mention of a distraction. *See id.* Here, plaintiff's forecast of evidence shows plaintiff's focus on the loaded tray and the four young Girl Scouts diverting her attention. Because plaintiff's forecast of evidence supports a reasonable inference that she exercised ordinary care under the circumstances, she was not contributorily negligent as a matter of law.

In the absence of contributory negligence, for plaintiff to survive defendant's motion for summary judgment she must forecast evidence of a *prima facie* case of negligence, showing that defendant owed plaintiff a duty of care, that defendant breached the duty, that the breach actually and proximately caused plaintiff's injury, and that damages resulted from the injury. *See Lamm v. Bissette Realty*, 327 N.C. 412, 395 S.E.2d 112 (1990). Whether defendant acted unreasonably in maintaining the low, wooden, railing-less bridge near the counter must be evaluated against the conduct of a reasonably prudent person under the circumstances. *See Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 516 S.E.2d 643 (1999), *cert. denied*, 351 N.C. 107, —— S.E.2d —— (1999) (citing *Bolkhir v. N.C. State Univ.*, 321 N.C. 706, 365 S.E.2d 898 (1988)).

Here, the appearance of the low, wooden, railing-less bridge presents a question of material fact requiring resolution by a jury. Defendant introduced photographs, used by the trial judge in ruling on summary judgment, showing a flat top with railings on both sides of the steps and platform. When shown the pictures during her deposition, however, plaintiff testified: "what I fell over is totally different than this." Taken in its most favorable light, plaintiff's forecast of evidence shows the structure as low and unpainted, with no railings, partially concealed beneath the counter. On these facts, a jury could reasonably find that the appearance and placement of the bridge violated defendant's duty of reasonable care in keeping the premises safe for lawful visitors. *See Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998); *Lorinovich*, 134 N.C. App. at 161, 516 S.E.2d at 646.

The majority, in reaching its conclusion, has decided the factual issue regarding the appearance of the bridge. That genuine issue of material fact precludes summary judgment.

Accordingly, I respectfully dissent.