JOHN W. KENNEDY, JR. v. K-MART CORPORATION

No. 8611SC804

(Filed 17 February 1987)

**Negligence § 57.6— nail polish remover on floor—fall by customer—sufficiency of evidence of negligence**

    In an action to recover for personal injuries sustained when plaintiff slipped and fell in some nail polish remover on the floor of defendant's store, the trial court did not err in denying defendant's motion for a directed verdict or its motion for judgment n.o.v. where the evidence tended to show that the bottle cap was missing, some portion of the glass was missing, and the remaining portion of the glass was in a neat pile up under the kickboard of the display counter, all of which indicated a hurried clean-up; and the jury could reasonably infer from the evidence that defendant was negligent in failing to maintain the aisles of the store in a reasonably safe condition.

APPEAL by defendant from *Bowen (Wiley F.), Judge.* Judgment entered 26 March 1986 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 17 December 1986.

On 28 January 1984, plaintiff and his wife entered defendant's store. After walking approximately one-third of the way down the main aisle, plaintiff slipped in what was subsequently determined to be a puddle of fingernail polish remover. Plaintiff was injured as a result of the fall.

At trial, defendant moved for a directed verdict at the close of plaintiff's evidence and again at the close of all the evidence. The motions were denied.

The jury found that plaintiff was injured as a result of defendant's negligence and awarded plaintiff $4,500.00 for personal injuries. Defendant moved for judgment notwithstanding the verdict, and in the event that that motion was denied, moved to set aside the verdict and grant defendant a new trial. The motions were denied and judgment was entered upon the verdict.

Plaintiff's evidence tended to show that the floor of the store where he fell consisted of light-colored, shiny tile. The store also had fluorescent lights. Plaintiff testified that after he fell and was lying on the floor, he noticed a few pieces of broken glass placed in a neat pile against the counter kickboard (the offset under a display counter). It appeared to plaintiff as if someone had pushed

or kicked the glass up under the kickboard. There was no glass in the aisle or anywhere near where plaintiff was lying. The glass in the pile was insufficient to make up a full bottle of fingernail polish remover. Also, there was no bottle cap lying anywhere within the debris. Plaintiff further testified that he observed some liquid on the floor located straight out from the glass underneath the counter.

During plaintiff's deposition an experiment was conducted, where counsel for defendant broke a bottle of fingernail polish remover. It required a great deal of force to break the bottle and when it did break it created a very loud noise with glass flying in all directions. After approximately five minutes, the nail polish remover was not completely evaporated and showed a white substance on the floor.

Defendant offered evidence that prior to the accident, none of the K-Mart employees had knowledge of the broken bottle of nail polish remover. Furthermore, none of the employees indicated that they heard the bottle break on the floor.

From the judgment for plaintiff, defendant appeals.

*W. A. Holland, Jr., attorney for plaintiff appellee.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey, attorney for defendant appellant.*

ORR, Judge.

Defendant contends that the trial court erred in denying its motion for a directed verdict and in denying its motion for a judgment notwithstanding the verdict. We do not agree.

A motion by a defendant for a directed verdict under Rule 50(a) of the North Carolina Rules of Civil Procedure challenges the sufficiency of the evidence to go to the jury. *Koonce v. May,* 59 N.C. App. 633, 298 S.E. 2d 69 (1982).

> On such a motion, plaintiff's evidence must be taken as true and considered in the light most favorable to the plaintiff, giving plaintiff the benefit of every reasonable inference to be drawn therefrom. . . . If, when so viewed, the evidence is such that reasonable minds could differ as to whether the

plaintiff is entitled to recover, a directed verdict should not be granted and the case should go to the jury.

*Id.* at 634, 298 S.E. 2d at 71.

"A proprietor is charged with knowledge of an unsafe condition on his premises created by his own negligence, or the negligence of his employee acting within the scope of his employment, or of an unsafe condition of which his employee has notice." *Rives v. Great Atlantic & Pacific Tea Co.*, 68 N.C. App. 594, 596-97, 315 S.E. 2d 724, 726 (1984).

> It is well established that the owner or proprietor of a business is not an insurer of the safety of his customers, however, the proprietor has the duty to exercise ordinary care to keep the aisles and passageways of his store, where customers are expected to go, in a reasonably safe condition so as not to expose customers unnecessarily to danger, and to give warning of hidden dangers and unsafe conditions of which he knows or, in the exercise of reasonable supervision and inspection, should know.

*Id.* at 596, 315 S.E. 2d at 726.

"Direct evidence of negligence is not required. It may be inferred from facts and attendant circumstances, and if the facts proved establish the more reasonable probability that the defendant was guilty of actionable negligence, the case cannot be withdrawn from the jury, . . . ." *Whitson v. Frances*, 240 N.C. 733, 737, 83 S.E. 2d 879, 881 (1954).

In the case *sub judice* circumstantial evidence exists from which a jury could find that defendant failed to clean up the aisle in a proper manner after actual or constructive notice of the broken bottle's existence. The bottle cap was missing; some portion of the glass was missing; and the remaining portion of the glass was in a neat pile up under the kickboard, all of which indicates a hurried clean-up.

We believe the jury could reasonably infer from the evidence that defendant was negligent in failing to maintain the aisles of the store in a reasonably safe condition. Therefore, the trial court

---

**Kennedy v. K-Mart Corp.**

---

did not err in denying defendant's motion for a directed verdict or his motion for judgment notwithstanding the verdict.

No error.

Judges ARNOLD and PHILLIPS concur.