AUGUSTA B. CARTER, Plaintiff-Appellee v. FOOD LION, INC., Defendant-Appellant

No. COA96-1349

(Filed 19 August 1997)

1. **Negligence § 154 (NCI4th)— slip and fall in grocery store—judgment notwithstanding verdict—properly denied**

The trial court properly denied defendant's motion for a directed verdict and a judgment notwithstanding the verdict in a negligence action which resulted from plaintiff's slip and fall on vegetable material in one of defendant's retail grocery stores where a trier of fact could have concluded that defendant knew or should have known of the presence of the vegetable material due to the dirty conditions of the floor; that defendant failed to warn of its presence; and that plaintiff suffered injuries as a result of the fall.

CARTER v. FOOD LION, INC.

[127 N.C. App. 271 (1997)]

**2. Evidence and Witnesses § 2403 (NCI4th)— slip and fall in grocery store—testimony of grocery store employee— motion in limine to exclude—denied—notice**

In an action against defendant for negligently causing plaintiff's injuries when he slipped and fell in one of defendant's grocery stores, the trial court did not abuse its discretion in denying defendant's motion *in limine* to exclude the testimony of a witness where the defendant had notice that plaintiff would call the witness since the witness's name was originally provided to plaintiff by defendant through its employee list and plaintiff had provided defendant with a draft of the witness's statement in opposition to a summary judgment motion.

Appeal by defendant from judgment entered 4 September 1996 by Judge Forrest A. Ferrell in Catawba County Superior Court. Heard in the Court of Appeals 4 June 1997.

*Waddell Mullinax Childs & Williams, by Richard A. Williams, Jr., for plaintiff-appellee.*

*Poyner & Spruill, L.L.P., by Douglas M. Martin and S. Mujeeb Shah-Khan, for defendant-appellant.*

WALKER, Judge.

Plaintiff's evidence tended to show the following: On 26 February 1994, defendant operated a retail grocery store in Maiden, North Carolina, where plaintiff was a regular customer. About 7:00 p.m. on this date, plaintiff arrived at the store to purchase certain items. After making his selections, he paid the clerk, picked up his bag containing several items and proceeded to exit the store. As he approached the automatic doors, plaintiff slipped and fell. His feet went forward toward the doors and his right leg was pinned underneath him. As a result of the fall, plaintiff sustained a fracture of the right leg.

An inspection of the area where plaintiff fell revealed a piece of green vegetable material which was preceded by a green streak on the floor near the automatic doors. The parties stipulated at trial that this green vegetable material caused plaintiff to slip and fall.

Scott Baxter, a Food Lion employee, testified that when he arrived plaintiff was lying on the floor and that he noticed "there was something on the floor close to him [plaintiff] green, greens,

lettuce . . ." which had a "streak where it had been." In describing the floor area between the checkout counter and the doorway, Baxter testified:

> [I]t appeared . . . like somebody left their receipts here and there, maybe a coupon or two. But from there forward, from what I could see of the floor, it appeared that—I remember seeing tracks from where a buggy had went through produce and got into some water over there. It didn't appear that the floor was as clean as it should have been at the time, considering it was a Saturday and there was a lot of people coming in and out. It was a custom we keep the front end very clean. . . . It is the most dangerous for accidents to occur.

When plaintiff's wife arrived he was still on the floor. She observed a green streak between where he lay and the checkout counter and she remembered she "kicked pieces of paper out of [her] way" as she approached the assistant manager at the checkout counter. Lewis Campbell, the store manager on duty, testified that he had inspected the front of the store after returning from his supper break about 6:00 p.m. He stated that the condition of the floor was not unusual and that it was the general practice to patrol the store every 2 to 3 hours or as needed. However, an accident report prepared by Campbell just after the incident stated that the area had been cleaned and inspected within the hour before the fall. The report also noted that the area was not clean because of the vegetable material on the floor.

Defendant's motions for a directed verdict were denied and the jury awarded plaintiff the sum of $33,000.00 in damages. Defendant contends the trial court erred in denying its motions for a directed verdict and judgment notwithstanding the verdict (JNOV).

[1] In ruling on a motion for a directed verdict, the trial court must consider the evidence in the light most favorable to the non-moving party, giving it the benefit of all reasonable inferences to be drawn therefrom, and resolving all conflicts in the evidence in its favor. *Smith v. Price*, 315 N.C. 523, 527, 340 S.E.2d 408, 411 (1986). A motion for JNOV pursuant to Rule 50(b)(1) is essentially a renewal of an earlier motion for a directed verdict. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 368-69, 329 S.E.2d 333, 337 (1985). Thus, the test for determining the sufficiency of the evidence when ruling on a motion for JNOV is identical to that applied when ruling on a motion for a directed verdict. *Summey v. Cauthen*, 283 N.C. 640,

647, 197 S.E.2d 549, 554 (1973). The burden carried by the movant is particularly significant in cases in which the principal issue is negligence. Only in exceptional cases is it appropriate to enter a directed verdict against a plaintiff in a negligence case. *Cook v. Wake County Hosp. Sys., Inc.*, 125 N.C. App. 618, 482 S.E.2d 546, 548 (1997). In negligence cases, summary adjudication is normally inappropriate due to the fact that the test of the reasonably prudent person is one which the jury must apply in deciding the questions at issue. *Id.* at ——, 482 S.E.2d at 549.

In order to survive a motion for JNOV, plaintiff must present evidence setting forth a *prima facie* case of negligence, *i.e.* plaintiff must forecast evidence to show that defendant owed plaintiff a duty of care, that defendant's actions or failure to act breached that duty, that the breach was the actual and proximate cause of the injury to plaintiff, and that damages resulted from the injury. *Lamm v. Bissette Realty*, 327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990).

Plaintiff was an invitee on the premises of defendant by virtue of his status as a customer. *Crane v. Caldwell*, 113 N.C. App. 362, 365, 438 S.E.2d 449, 451 (1994). Because plaintiff was an invitee, the store had a duty to keep the floors and passageways in a reasonably safe condition for invitees entering or leaving the premises and to warn of any hidden dangers about which defendant knew or, in the exercise of reasonable care, should have known. *Lamm*, 327 N.C. at 416, 395 S.E.2d at 115.

An invitee may not recover unless he can show that the dangerous condition which caused his fall had existed for such a period of time that the defendant knew or by the exercise of reasonable care should have known of its existence and given warning. *Long v. Food Stores*, 262 N.C. 57, 60, 136 S.E.2d 275, 278 (1964). A proprietor is not the insurer of the safety of its customers. *Wrenn v. Convalescent Home*, 270 N.C. 447, 448, 154 S.E.2d 483, 484 (1967). *See also, Rone v. Byrd Food Stores*, 109 N.C. App. 666, 428 S.E.2d 284 (1993). Therefore, defendant's duty to plaintiff was that of " 'ordinary care to keep [its store] in a reasonably safe condition . . . and to give warning of hidden perils or unsafe conditions insofar as they could be ascertained by reasonable inspection and supervision.' " *Rone*, 109 N.C. App. at 669, 428 S.E.2d at 285-86, *(quoting Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 103 S.E.2d 281, 283 (1963)).

In order to hold the defendant liable, the plaintiff must show that defendant either negligently created the condition causing the injury

CARTER v. FOOD LION, INC.

[127 N.C. App. 271 (1997)]

or negligently failed to correct the condition after actual or constructive notice of its presence. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992). While not an insurer of its customers' safety, defendant is charged with knowledge of unsafe conditions of which it has notice and is under a duty of ordinary care to give warning of hidden dangers. *Rives v. Great Atlantic & Pacific Tea Co.*, 68 N.C. App. 594, 596, 315 S.E.2d 724, 726 (1984). Evidence that the condition (causing the fall) on the premises existed for some period of time prior to the fall can support a finding of constructive notice. *See Morgan v. Tea Co.*, 266 N.C. 221, 228, 145 S.E.2d 877, 883 (1966) (evidence that "vegetable leaf was mashed and bruised and that other debris was [on the floor]" supports submission of issue to jury on store owner's negligence); *Long v. Food Stores*, 262 N.C. 57, 61, 136 S.E.2d 275, 278-79 (1964) (evidence of grapes on the floor "full of lint and dirt" sufficient to show that owner had knowledge of their presence).

Here, plaintiff presented evidence that he slipped and fell on a piece of green vegetable material, that the floor was dirty with visible "buggy tracks," that receipts and coupons littered the area around the checkout counters between the counters and the automatic doors, and that defendant's accident report noted the floor appeared unclean due to the vegetable material which was present on the floor. Thus, plaintiff's evidence raised an inference of negligence that defendant failed to keep the floors inspected and cleared of debris. Where there exists a reasonable inference that a condition had existed for such a period of time as to impute constructive knowledge to the defendant proprietor of a dangerous or unsafe condition, it is a question for the jury to decide. *See Mizell v. K-Mart Corporation*, 103 N.C. App. 570, 406 S.E.2d 799 (1991). In *Kennedy v. K-Mart Corp.*, 84 N.C. App. 453, 352 S.E.2d 876 (1987), plaintiff customer fell on fingernail polish remover in the aisle of defendant's store. The evidence showed that no employees heard a bottle break or had knowledge of the spill. However, evidence of a broken bottle pushed against the shelf gave rise to the inference that the condition had existed for such a length of time as to impute knowledge to defendant and negligence was thus a question for the jury. *Id.* at 455, 352 S.E.2d at 878.

Viewing the evidence in the light most favorable to plaintiff, a reasonable trier of fact could conclude that defendant knew or should have known of the presence of the vegetable material due to the presence of paper and the dirty condition of the floor, that

CARTER v. FOOD LION, INC.

[127 N.C. App. 271 (1997)]

defendant failed to warn of its presence, and that as a result of the fall, plaintiff suffered injuries. Any inconsistencies in the evidence should be decided by the jury. We therefore conclude that the trial court properly denied defendant's motions for a directed verdict and JNOV.

[2] We next consider whether the trial court erred in denying defendant's *motion in limine* to exclude the testimony of Scott Baxter. Defendant contends the trial court erred when it allowed Scott Baxter to testify because plaintiff failed to supplement its answers to interrogatories regarding Baxter's knowledge of the events in question. Although defendant asserts that it was not made aware of Baxter as a potential witness, his name was originally provided to plaintiff by defendant through the submission of an employee list. Plaintiff's contention that this list was equally available to defendant was obviously persuasive with the trial court. Further, plaintiff had provided defendant with a draft of Baxter's statement in opposition to defendant's motion for summary judgment. This should have given defendant notice that plaintiff may call Baxter as a witness.

The ground for reversing a court's decision on a *motion in limine* is an abuse of discretion. *Power Co. v. Ham House, Inc.*, 43 N.C. App. 308, 311, 258 S.E.2d 815, 818 (1979) (trial court did not abuse its discretion in denying *motion in limine* which sought to keep from jury certain testimony concerning respondent's future plans for expansion). We therefore apply an abuse of discretion standard in reviewing the trial court's ruling. To give rise to abuse of discretion, the court's ruling must be so unreasonable under the facts of the case as to constitute reversible error. After careful review, we conclude that the trial court did not abuse its discretion in denying defendant's *motion in limine* to exclude Baxter's testimony.

No error.

Judges GREENE and JOHN concur.