WALLACE L. SMITH, Plaintiff v. WAL-MART STORES, INC. Defendant

No. COA97-524

(Filed 6 January 1998)

**1. Negligence § 152 (NCI4th)— slip and fall—store entrance on rainy day—negligence and contributory negligence— summary judgment denied**

The trial court did not err by denying summary judgment for defendant on its own negligence or on plaintiff's contributory negligence in a slip and fall in a store on a rainy day.

**2. Negligence § 152 (NCI4th)— slip and fall—store entrance on rainy day—store's negligence—judgment notwithstanding the verdict denied**

The trial court did not err by denying defendant's motion for a directed verdict or judgment notwithstanding the verdict on its negligence in a slip and fall case where the evidence showed that it was raining on the date in question; the floor at the entrance of

the store was wet and had been for at least an hour; no warning signs were present; plaintiff slipped and fell after walking over a short mat; plaintiff noticed while on the ground that his sweatshirt was wet, as was the floor around him; defendant's employees began bringing mops and warning signs to the area of the store where he had fallen while plaintiff was sitting on the floor; and an assistant manager testified that it was normal practice to mop the floor on a regular basis, especially on rainy days, but could not recall the last time the floor where plaintiff fell had been mopped on that date.

**3. Negligence § 152 (NCI4th)— slip and fall—store entrance on rainy day—contributory negligence—judgment notwithstanding the verdict denied**

The trial court did not err by denying defendant's motion for a directed verdict or judgment notwithstanding the verdict on plaintiff's contributory negligence in a slip and fall on a rainy day in a store where there was an issue for the jury as to whether a reasonably prudent person exercising ordinary care would have seen the water on the floor.

Appeal by defendant from judgment entered 9 December 1996 by Judge Jay D. Hockenbury in New Hanover County Superior Court. Heard in the Court of Appeals 3 December 1997.

*Dunn, Dunn, Stoller & Pittman, L.L.P., by Andrew D. Jones, for defendant-appellant.*

*Jackson, Rivenbark & Slaughter, by Bruce H. Jackson, Jr. and M. Troy Slaughter, for plaintiff-appellee.*

WALKER, Judge.

Plaintiff filed this action on 5 April 1995 seeking damages for injuries sustained as a result of his fall in defendant's store in Wilmington, North Carolina. Defendant moved for summary judgment which was denied by the trial court.

At trial, the evidence tended to show that on the morning of 5 November 1993, plaintiff and his wife arrived at defendant's store around 11:00 a.m. Since it was raining, plaintiff dropped his wife off at the front of the store and proceeded to park the car. Plaintiff then walked across the parking lot and entered the store where he met his wife. After walking across a small mat, plaintiff took a few more steps

before he slipped and fell, landing with the weight of his body on his right shoulder. While on the floor and awaiting medical attention, plaintiff felt the right side of his body and noticed that his sweatshirt was soaked with water. He then glanced at the floor around him and noticed that it was wet as well.

Plaintiff testified on his own behalf and then called as a witness Betsy Adams (Adams), who had been in the store approximately one hour prior to plaintiff. Adams stated that when she entered the store around 10:00 or 10:15 a.m. on the morning of 5 November 1993, the floor at the entrance of the store was "wet, slightly muddy, [and] kind of slippery." She further testified that she did not see any warning signs at the entrance of the store advising customers of the wet condition of the floor nor did she observe any mops or buckets at the entrance of the store.

Following Adams' testimony, plaintiff offered the videotaped deposition testimony of the physician that treated his injuries. Plaintiff then rested and defendant moved for a directed verdict, which the trial court reserved ruling upon.

Defendant offered evidence from Barbara Davis (Davis), who was an assistant manager at the store on 5 November 1993. She testified that she was at the snack bar, which is just to the right of the entrance, when she heard plaintiff slip and fall. She further stated that she did not observe any foreign substance on the floor on the morning in question nor did she observe any warning signs at the entrance, but that it was the regular practice of defendant's employees to mop the floors of any foreign substances as soon as they became aware of such condition, especially on rainy days. However, she was unable to determine the last time that the floor where plaintiff fell had been mopped on 5 November 1993. Defendant then rested and renewed its motion for a directed verdict, which the trial court again reserved ruling upon.

The jury returned a verdict finding defendant negligent, plaintiff not contributorily negligent, and awarded damages in the amount of $88,286.95. The trial court then denied defendant's motions for directed verdict, as well as defendant's motion for judgment not withstanding the verdict (JNOV), and entered judgment for plaintiff consistent with the jury's verdict.

Defendant assigns as error the trial court's denial of (1) its motion for summary judgment, and (2) its motions for directed verdict and

JNOV, on the grounds that the evidence was insufficient to establish that defendant was negligent in causing plaintiff's injuries, and that plaintiff was barred from recovering for his injuries due to his contributory negligence.

**[1]** As to defendant's first assignment of error, summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c)(1990); *Pressman v. UNC-Charlotte*, 78 N.C. App. 296, 300, 337 S.E.2d 644, 647 (1985), *disc. review allowed*, 315 N.C. 589, 341 S.E.2d 28 (1986). However, summary judgment is a somewhat drastic remedy and should be exercised with caution, especially in cases involving defendant's negligence and plaintiff's contributory negligence. *Williams v. Power & Light Co.*, 296 N.C. 400, 402, 250 S.E.2d 255, 257 (1979).

After a careful review of the evidence in this case, we find that a genuine issue of material fact existed as to whether defendant was negligent, as well as whether plaintiff was contributorily negligent. Therefore, the trial court did not err in denying defendant's motion for summary judgment as to both of these issues.

**[2]** As to defendant's second assignment of error, a motion for directed verdict or JNOV pursuant to Rule 50 of the N.C. Rules of Civil Procedure presents the question of "whether the evidence, when considered in the light most favorable to plaintiff, was sufficient for submission to the jury." *Kelly v. Harvester Co.*, 278 N.C. 153, 157, 179 S.E.2d 396, 397 (1971). Further, similar to cases involving summary judgment:

> The heavy burden carried by the movant is particularly significant in cases [where] the principal issues are negligence and contributory negligence. Only in exceptional cases is it proper to enter a directed verdict or a judgment notwithstanding the verdict against a plaintiff in a negligence case.

*Taylor v. Walker*, 320 N.C. 729, 734, 360 S.E.2d 796, 799 (1987). This is so because:

> [A]pplication of the prudent man test, or any other applicable standard of care, is generally for the jury. Greater judicial caution is therefore called for in actions alleging negligence as a basis for

plaintiff's recovery or, in the alternative, asserting contributory negligence as a bar to that recovery.

*Id.* (Citations omitted).

Likewise, directed verdicts or JNOVs are rarely appropriate for issues of contributory negligence and should only be allowed when the "plaintiff's evidence, considered in the light most favorable to him, together with inferences favorable to him that may be reasonably drawn therefrom, so clearly establishes the defense of contributory negligence that no other conclusion can reasonably be drawn." *Peeler v. Railway Co.*, 32 N.C. App. 759, 760, 233 S.E.2d 685, 686 (1977).

In order for plaintiff to survive a motion for a directed verdict or a JNOV, he must first show a *prima facie* case of negligence. *Lamm v. Bissette Realty*, 327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990); *see also Carter v. Food Lion, Inc.*, 488 S.E.2d 617, 619 (N.C. Ct. App. 1997), *disc. review denied*, No. 479P97 (N.C. Supreme Court 10 November 1997). Therefore, plaintiff must establish that (1) defendant owed plaintiff a duty of care; (2) defendant's actions or failure to act breached that duty; (3) defendant's breach was the actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as a result of such breach. *Id.*

Since plaintiff entered defendant's store "in response to an express or implied invitation by [defendant] for their mutual benefit," he was an invitee. *David A. Logan and Wayne A. Logan, North Carolina Torts* § 5.20, at 106 (1996); *see also Crane v. Caldwell*, 113 N.C. App. 362, 366, 438 S.E.2d 449, 452 (1994). Therefore, although defendant is not an insurer of the safety of its customers, it does have the duty to:

[K]eep the aisles and passageways of [its] store, where customers are expected to go, in a reasonably safe condition so as not to expose customers unnecessarily to danger, and to give warning of hidden dangers and unsafe conditions of which [it] knows or, in the exercise of reasonable supervision and inspection, should know.

*Rives v. Great Atlantic & Pacific Tea Co.*, 68 N.C. App. 594, 596, 315 S.E.2d 724, 726 (1984); *see also Carter v. Food Lion, Inc.*, 488 S.E.2d at 619.

Defendant is charged with knowledge of a condition which it either negligently created or negligently failed to correct after actual

or constructive notice of its presence. *Carter v. Food Lion, Inc.*, 488 S.E.2d at 620; *see also Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342-343 (1992). "Evidence that the condition (causing the fall) . . . existed for some period of time prior to the fall can support a finding of constructive notice." *Id.* Further, "[w]here there exists a reasonable inference that a condition had existed for such a period of time as to impute constructive knowledge to the defendant proprietor of a dangerous or unsafe condition, it is a question for the jury to decide." *Id.*

At trial, the plaintiff's evidence tended to show that it was raining on the date in question; the floor at the entrance of the store was wet, and had been for at least an hour before plaintiff's fall; no warning signs were present at the time plaintiff entered the store; after walking over a short mat, plaintiff slipped and fell to the ground; while on the ground, plaintiff noticed that his sweatshirt was wet, as was the area of the floor surrounding him; and as plaintiff was sitting on the floor, defendant's employees began bringing mops and warning signs to the area of the store where he had fallen. Further, while Davis testified that it was the normal practice of defendant to mop the floor on a regular basis, especially on rainy days, she could not recall the last time that the floor where plaintiff fell had been mopped on the date in question.

After a careful review, we find that a reasonable trier of fact could conclude that defendant knew or should have known of the presence of water on the floor at the entrance of the store, that defendant failed to warn its customers of its presence, and that as a result, plaintiff injured himself by slipping and falling on the wet floor.

[3] As to defendant's contention that plaintiff was contributorily negligent, our Supreme Court has stated:

> The basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for [his] own safety. The question is not whether a reasonably prudent person would have seen [the wet floor] had he or she looked but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor.

*Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981). Further, "[a]s a general rule one is not required to anticipate the negligence of others; in the absence of anything which gives

STATE ex rel. UTILITIES COMM'N v. N.C. GAS SERVICE

[128 N.C. App. 288 (1998)]

or should give notice to the contrary, one is entitled to assume and to act on the assumption that others will exercise ordinary care for their own or others' safety." *Id.* at 469, 279 S.E.2d at 563.

Applying these principles to this case, the question is whether the evidence in the light most favorable to the plaintiff allows no reasonable inference except his negligence; *i.e.*, whether "a reasonably prudent and careful person exercising due care for his or her safety would have looked down and seen [the water on the floor]." *Id.* Further, "[a]ny inconsistencies in the evidence should be decided by the jury." *Carter v. Food Lion, Inc.*, 488 S.E.2d at 620.

We conclude that defendant's evidence is insufficient to establish contributory negligence on the part of the plaintiff as a matter of law, but was an issue for the jury to decide from the evidence whether a reasonably prudent person exercising ordinary care would have seen the water on the floor. Therefore, the trial court properly denied defendant's motions for directed verdict and JNOV following the jury's verdict.

No error.

Judges LEWIS and TIMMONS-GOODSON concur.