LORA WILLIAMSON, Plaintiff v. FOOD LION, INC., Defendant

No. COA97-1589

(Filed 17 November 1998)

**Negligence— slip and fall—grape on grocery aisle—knowledge of store—speculation or conjecture**

> The trial court properly granted summary judgment for defendant-grocery store in a slip and fall negligence action where plaintiff slipped on a grape in a store aisle but was unable to establish that defendant knew or should have known of the grape. Negligence is not presumed from the mere fact of injury; plaintiff is required to offer legal evidence tending to establish essential elements beyond mere speculation or conjecture.

Judge WALKER dissenting.

Appeal by plaintiff from orders entered 8 October 1997 by Judge H.W. Zimmerman, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 15 September 1998.

*Michael R. Nash for plaintiff-appellant.*

*Poyner & Spruill, L.L.P., by Douglas M. Martin and S. Mujeeb Shah-Khan, for defendant-appellee.*

WILLIAMSON v. FOOD LION, INC.

[131 N.C. App. 365 (1998)]

LEWIS, Judge.

On 7 November 1996, plaintiff allegedly slipped on a grape and fell while on the premises of Food Lion grocery store number 187 in Winston-Salem ("defendant's store"). She instituted this action on 18 November 1996, alleging that defendant Food Lion, Inc. was negligent in the maintenance of its premises. Both parties moved for summary judgment, and Judge Zimmerman granted defendant's motion but denied plaintiff's. From this decision, plaintiff appeals.

Plaintiff's evidence tended to show that she entered defendant's store at approximately 8:30 a.m. on the morning of 7 November. While walking down aisle twelve, the dairy/bread aisle, plaintiff slipped on a grape and fell at approximately 8:42 a.m. Plaintiff did not see the grape prior to this fall but testified that she saw black juice smeared on the floor afterwards, indicating to her that the floor must have been dirty.

Plaintiff's evidence further tended to show that a Food Lion employee had walked down aisle twelve at 7:34 that morning but, in violation of store policy, failed to pick up a loaf of bread that was on the floor. However, this loaf of bread was picked up at 7:59 a.m.

With these facts in mind, plaintiff first argues that the trial court erred in granting defendant's motion for summary judgment, asserting that there were genuine issues of material fact that should have been tried by the jury. We disagree.

Summary judgment is appropriate when the moving party meets its burden of "proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). "Once a moving party meets its burden, then the nonmovant must 'produce a forecast of evidence demonstrating that the plaintiff will be able to make out at least a prima facie case at trial.' " *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (quoting *Collingwood, supra*, at 66, 376 S.E.2d at 427). However, "[n]egligence is not presumed from the mere fact of injury. Plaintiff is required to offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, nonsuit is proper." *Id.* at 68, 414 S.E.2d at 345 (citing *Heuay v. Halifax Constr. Co.*, 254 N.C. 252, 118 S.E.2d 615 (1961)).

**WILLIAMSON v. FOOD LION, INC.**

[131 N.C. App. 365 (1998)]

As a customer entering defendant's store during business hours to purchase goods, plaintiff was an invitee. *Morgan v. Great Atlantic & Pac. Tea Co.*, 266 N.C. 221, 226, 145 S.E.2d 877, 881 (1966). Defendant was therefore under a duty to "use ordinary care to keep in a reasonably safe condition those portions of its premises which it [might] expect [would] be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they [could] be ascertained by reasonable inspection and supervision," *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 130 S.E.2d 281, 283 (1963), but as a proprietor defendant was not the insurer of its invitees' safety. *Wrenn v. Hillcrest Convalescent Home, Inc.*, 270 N.C. 447, 448, 154 S.E.2d 483, 484 (1967). In light of the relationship between these parties, plaintiff could demonstrate that defendant was negligent by proving that "defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." *Roumillat, supra*, at 64, 414 S.E.2d at 342-43.

In this case, plaintiff's answers to defendant's questions in a deposition indicated that while her complaint may have stated a claim for negligence, the actual evidence she offered could not. In a deposition taken 14 May 1997, plaintiff stated that she had "no idea" whether any Food Lion employees knew that the grape was on the floor prior to her accident. When asked how she believed the grape got on the floor, plaintiff similarly stated that she had "no idea." She went on to say, "It's not my belief [a Food Lion employee] dropped it on the floor," but that she thought it "possible" that the grape had gotten there in that manner. Plaintiff did not know when the floors were last inspected before her accident, but estimated solely from her own work in an Arby's restaurant that the grape had been on the floor at least 45 minutes. This evidence fails to meet *Roumillat's* requirements for something greater than "mere speculation or conjecture," and allowing this plaintiff to have such a claim heard before a jury would place an unreasonable burden on store owners to customers.

Plaintiff cannot demonstrate that defendant negligently created the condition or that it failed to correct the condition after having actual notice of its existence, but attempts to demonstrate that defendant failed to act after receiving constructive notice. Plaintiff implies in her arguments that defendant had constructive notice of the grape's presence in that an employee who would walk past a loaf of bread on the floor would surely walk past a grape on that same aisle. This inference is without merit, as the bread which was over-

looked earlier had been picked up approximately 43 minutes before plaintiff slipped and had no bearing on the grape-related accident in question. Furthermore, there is no evidence that the surveillance cameras captured an image of the grape or that any person ever saw the grape there for any period of time before the fall.

Another attempt to establish constructive notice is found in plaintiff's reliance on *Long v. National Food Stores, Inc.*, 262 N.C. 57, 136 S.E.2d 275 (1964), but the facts of that case can be distinguished from those currently before us. In *Long*, which involved a customer who had slipped and fallen on a number of grapes, the Supreme Court stated that summary judgment in favor of the defendant was inappropriate because a jury could find that "by reason of the grapes being 'full of lint and dirt,' [a] dangerous and unsafe condition was created by an employee of defendant who in the scope of his employment had swept the grapes and lint and dirt there." *Id.* at 61, 136 S.E.2d at 278-79. This case can be distinguished for a number of reasons. In *Long*, the evidence involving lint and dirt dealt with the grapes on the floor that had *not* been mashed, *id.* at 59, 136 S.E.2d at 277 (emphasis added), but under our facts there is but one grape in question. Any presence of lint or dirt on it could have come from plaintiff's shoe, and as noted above plaintiff was unable to demonstrate that one of defendant's employees had swept or otherwise placed the grape there. Of course, we need not even address that point until we know in fact that there was lint and dirt on the floor, and there is no credible evidence that this was the case. Plaintiff claims that the color of the juice emitted by the grape indicated to her that the floor was dirty, but there is nothing in the evidence beyond this speculation to indicate the original color of the grape, the presence of dirt on the floor prior to the fall, or the presence of any lint or additional debris before the accident. We cannot imply any constructive notice to defendant from plaintiff's evidence.

*Carter v. Food Lion, Inc.*, 127 N.C. App. 271, 488 S.E.2d 617 (1997), *disc. review denied*, 347 N.C. 396, 494 S.E.2d 408 (1997), on which plaintiff also relies, can be distinguished from the present action as well. In that case, a customer slipped shortly after 7:00 p.m. on "vegetable material" in a noticeably dirty area near the exit to the store, with "visible 'buggy tracks' " present and receipts and coupons littered about the floor. *Id.* at 272, 275, 488 S.E.2d at 618, 620. This Court concluded that

> a reasonable trier of fact could conclude that defendant knew or should have known of the presence of the vegetable material *due*

**WILLIAMSON v. FOOD LION, INC.**

[131 N.C. App. 365 (1998)]

*to the presence of paper and the dirty condition of the floor*, that defendant failed to warn of its presence, and that as a result of the fall, plaintiff suffered injuries.

*Id.* at 275-76, 488 S.E.2d at 620 (emphasis added). In the present action, plaintiff's slip and fall occurred early in the morning on one grape on the dairy/bread aisle, far from where grapes would ordinarily be found. It goes without saying that this part of the store had not had as much traffic before 8:45 in the morning as a store exit has by 7:00 in the evening, and this lack of traffic decreases the likelihood that it was as dirty as the relevant portion of the floor in *Carter*. The failure of plaintiff to establish the presence of any dirt, other than through her own hypothesis, further demonstrates this point. The presence of other litter or debris on the floor, a crucial element in *Carter*, was not offered as proof in this action and serves to indicate plaintiff's misreliance on that case.

While the doctrine of res ipsa loquitur does not apply to slip and fall cases, *Skipper v. Cheatham*, 249 N.C. 706, 709, 107 S.E.2d 625, 628 (1959), even if it did this accident would not speak for itself. The grape may have been on aisle twelve because one of defendant's employees threw it there from its proper location, or because it fell from another customer's shopping cart, or because it was already stuck to the bottom of plaintiff's shoe; the possibilities are seemingly endless. In any case, plaintiff is unable to establish through anything more than "mere speculation or conjecture" that defendant knew or should have known of the grape, and as such her case cannot withstand defendant's motion for summary judgment. *Roumillat, supra.*

Because we hold that summary judgment in favor of defendant was properly granted, we need not address plaintiff's second argument, that summary judgment should have been granted in her favor. That argument is without merit.

No error.

Judge MARTIN, John C., concurs.

Judge WALKER dissents.

Judge WALKER dissenting.

I respectfully dissent from the majority's conclusion that summary judgment in favor of defendant was properly granted.

Plaintiff's evidence tended to show that employees of Food Lion began arriving to work at approximately 6:00 a.m. Plaintiff arrived at Food Lion a short time before her fall in aisle 12 at 8:45 a.m. In answer to interrogatories, defendant stated that Customer Service Manager Cathy Myers inspected aisle 12 at approximately 7:34 a.m. However, according to plaintiff, a surveillance videotape shows Myers walking along aisle 12 on two occasions at approximately 7:30 a.m. and 7:34 a.m. She does not appear to be looking at the floor where there is a loaf of bread, but instead she passes by twice without picking it up. This was an admitted violation of store policy. Plaintiff further asserts the videotape also shows that at 8:16 a.m., another employee, Kelly Chatman, was in aisle 12; however, she detours to her left to avoid the bread man and does not appear to inspect the aisle at the point where the fall occurred. Further, there is no evidence that Food Lion had an aisle inspection policy in place at that time. Plaintiff testified that she saw the grape after her fall and that there was "black juice" smeared on the floor which indicated to her that the floor was dirty.

This evidence, coupled with evidence of the lack of a reasonable aisle inspection that morning, leads to the permissible inference that the smashed grape in aisle 12 was a dangerous condition which had existed for such a length of time that the "defendant knew or by the exercise of reasonable care should have known of its existence and given warning." *Carter v. Food Lion, Inc.*, 127 N.C. App. 271, 274, 488 S.E.2d 617, 619, *disc. review denied*, 347 N.C. 396, 494 S.E.2d 408 (1997).

Therefore, I conclude that there is a genuine issue of material fact concerning the negligence of defendant.