HUDSON, Judge.
This action arises out of a slip and fall incident at a Lowe's Food Store in Reidsville, North Carolina. Plaintiff Frances Worsham-Fair's evidence tended to show that at approximately 4:00 p.m. on 8 September 1999 she entered the store and started towards the deli. After seeing a sign advertising a sale, plaintiff returned to get a shopping cart and again started towards the deli. Upon seeing another sign advertising a sale of apples, plaintiff went to the produce area, put apples in her cart, and turned her cart around. Plaintiff stated as she started toward the deli, the "buggy went one way and [she] fell." After she fell, plaintiff sawa few grapes smashed on the floor. At her deposition, plaintiff testified that she saw "liquid" mixed with the smashed grapes, which she believed came from the grapes. Plaintiff conceded that she was not certain what caused her to fall, but assumed it was the grapes. Plaintiff did not know how the grapes came to be on the floor or how long they had been there. Finally, the affidavit of another customer, in the store on that day, stated that after plaintiff fell, she too noticed smashed grapes on the floor. As a result of her fall, plaintiff sustained serious injuries to her back and head.
In discovery, defendant identified three employees who had knowledge of plaintiff's fall. Their depositions reveal that they each saw at least one grape on the floor near the spot where plaintiff fell. None of the employees, however, were able to say how long the grapes had been on the floor or how they got there. One employee testified that she had inspected the area where plaintiff fell just one hour earlier, and had seen no grapes on the floor.
Plaintiff filed this suit on 10 June 2002, alleging that defendant negligently maintained its premises, and that she suffered various personal injuries as a result. Defendant answered, denying plaintiff's substantive allegations, and then moved for summary judgment. In support, defendant submitted plaintiff's answers and responses, and plaintiff's deposition transcript. Following a hearing, the court granted defendant's motion. Plaintiff appeals, contending that there were genuineissues of material fact, and that defendant was not entitled to judgment as a matter of law. We disagree.
Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). "The showing required for summary judgment may be accomplished by proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense." Dobson v. Harris, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000).
Although summary judgment is rarely appropriate in negligence actions, such a motion should be granted where plaintiff's forecast of evidence fails to support an essential element of that party's claim. Roumillat v. Simplistic Enterprises, Inc., 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). In Roumillat, the North Carolina Supreme Court set forth the elements of a prima facie case of negligence in "slip and fall" cases as follows:
In order to prove that the defendant-proprietor is negligent, plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence. When the unsafe condition is attributable to third parties or an independent agency, plaintiff must show that the condition "existed for such a length of time that defendant knew or by the exercise of reasonable care should have known of its existence, in time to have removed the danger or [to have] given proper warning of itspresence."
Id. at 64, 414 S.E.2d at 342-43 (citations omitted). Furthermore, this Court has held that, "[n]o inference of negligence on the part of the store owner arises from the mere fact that a customer falls on the floor of his store since the doctrine of res ipsa loquitur is inapplicable in such circumstances." Stafford v. Food World, 31 N.C. App. 213, 215, 228 S.E.2d 756, 757, cert. denied, 291 N.C. 324, 230 S.E.2d 677 (1976).
Recently, this Court upheld summary judgment in favor of the defendant-proprietor, where the plaintiff-customer slipped and fell on a grape in a Food Lion grocery store. Williamson v. Food Lion, Inc., 131 N.C. App. 365, 366, 507 S.E.2d 313, 314 (1998), affirmed, 350 N.C. 305, 513 S.E.2d 561 (1999). There plaintiff testified that she had "no idea" how long the grape had been on the floor, or how it got there. Id. at 367, 507 S.E.2d at 315. Plaintiff presented no evidence, beyond speculation about how the grape came to be on the floor, how long it had been there, or whether any store employee knew it was there. Under the Roumillat standard, plaintiff's failure to forecast evidence in this regard was fatal to her negligence claim.
The facts here are undisputed. After plaintiff's fall, three store employees and another store customer observed at least one smashed grape and liquid on the floor. None however, testified about how the grapes came to be on the floor or how long they had been there. Plaintiff testified that she did not know what caused her fall, and could only assume that it was the grapes. These facts are virtually indistinguishable from those of Williamson. Because plaintiff's forecast of evidence similarly failed to establish a prima facie case for negligence, the trial court did not err in allowing defendant's motion for summary judgment.
Affirmed.
Judges STEELMAN and THORNBURG concur.
Report per Rule 30(e).